# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ARNOLD J. MORALES MANCIA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00625 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MARCUS ELAM, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Arnold J. Morales Mancia, Pro Se Plaintiff; Stacie A. Sessoms, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants.*

The plaintiff, Arnold J. Morales Mancia, a Virginia inmate proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983, alleging violations of his rights related to prison disciplinary proceedings. After review of the record, I conclude that the defendants' Motion to Dismiss must be denied.

## I. BACKGROUND.

Morales Mancia is an inmate in the custody of the Virginia Department of Corrections ("VDOC").[1] At the time these claims arose, he was incarcerated at Red Onion State Prison ("Red Onion"). The defendants are Marcus Elam, Jeffery Kiser, Larry Collins, and M. L. Counts. On May 2, 2018, an officer served a Disciplinary

---

[1] This summary of the evidence is taken from the verified Complaint and supporting documentation and Morales Mancia's affidavit in response to the Motion to Dismiss.

Offense Report ("DOR") on Morales Mancia, charging him with offense code 137A, lewd or obscene acts directed toward or in the presence of another. The DOR charged:

> On 5/2/2018 at approximately 10:45 a.m., I nurse A. Mullins entered C 1 pod, Prea announcement made. Offender Morales #1365205, C-103, was up on his sink in the window with penis in hand facing my direction. I, A. Mullins told the offender to get down, he refused, I told him a 2nd time, he still refused until the officers got to his cell.

Compl. Ex. 12, ECF No. 1-1.

In preparation for a hearing on this charge, Morales Mancia requested witness statements from another inmate, Austin Eckert, and from Officer B. Phillips. Morales Mancia predicted Eckert would state that, contrary to Nurse Mullins' report, her view into Morales Mancia's cell was blocked by another nurse in the pod.[2] Morales Mancia also submitted a Request for Documentary Evidence, asking the hearing officer to review surveillance camera footage of the incident. Morales Mancia claimed the footage would show that he was not on his sink facing Mullins, as she had reported.

On June 8, 2018, Officer Counts conducted the disciplinary hearing. Counts denied the request for a witness statement from inmate Eckert as not relevant. Counts also denied the request for video footage, indicating that the video was both

---

[2] Morales Mancia attaches to his Complaint an affidavit from inmate Eckert, who states that he saw another nurse standing in front of Nurse Mullins, blocking her view into Morales Mancia's cell. Compl. Ex. 23, ECF No. 1-1.

"restricted for security reasons" and was "not written documentation." Compl. Ex. 21, ECF No. 1-1.  Counts obtained the requested witness statement from Officer Phllips.  Phillips stated that after Nurse Mullins reported to him that she had observed Morales Mancia on his sink, masturbating in her direction, Phillips approached Morales Mancia's cell and observed him exercising.

Nurse Mullins was present at the hearing.  In stating reasons for finding Morales Mancia guilty of the infraction, Counts noted;

> Nurse Mullins testified that as she entered C-1 pod the Prea announcement was made.  [Morales Mancia] was seen on his sink with penis in hand facing her direction.  Nurse Mullins told the offender to get down twice, both times he refused until the officers got to his cell.  Offender denied committing this offense.  I IHO Counts determined positive identification was made of the offender and the actions observed by Nurse Mullins.  I find the actions were intentional and are considered to be lewd.  Guilty decision rendered.

Compl. Ex. 14, ECF No. 1-1.  Counts penalized Morales Mancia with a $15 fine.  On appeal, Collins, Kiser, and Elam approved Counts' findings.

Liberally construed, Morales Mancia's § 1983 Complaint alleges that (1) Counts deprived him of due process by refusing to obtain the inmate witness statement and refusing to review video footage; (2) Counts showed bias against Morales Mancia; and (3) Collins, Kiser, and Elam failed to correct these due process violations on appeal.  As relief, Morales Mancia seeks expungement of the disciplinary conviction and monetary damages against the defendants.  The

defendants have filed a Motion to Dismiss as to all claims, and Morales Mancia has responded, making the matter ripe for disposition.

## II.  DISCUSSION.

A district court should dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV § 1.  Where a claimant asserts procedural due process claims, as Morales Mancia does, the court must first consider whether the inmate has asserted a protected interest and, if so, whether he was afforded the minimum procedural protections required by the Fourteenth Amendment before he was deprived of that interest. *Incumaa v. Stirling*, 791 F.3d 517, 526 (4th Cir. 2015).  When a penalty for a disciplinary infraction does not affect the length of an inmate's

term of confinement, his constitutionally protected *liberty* interests are generally limited to freedom from restraint that imposes atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that temporary disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). To demonstrate a protected property interest, an inmate must have "an individual entitlement grounded in state law." *Couch v. Clarke*, 782 F. App'x 290, 292 (4th Cir. 2019) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)). Without a constitutionally protected interest at stake, then the federal procedural protections do not apply. *Id.* (citing *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015)).

The defendants assert that Morales Mancia's due process claims fail, because the $15 fine Counts imposed did not give rise to a constitutionally protected interest entitled to due process protections. Judges of this court have ruled that disciplinary fines are not atypical or significant hardship for a prisoner and do not trigger federal due process protections under *Sandin*. *See, e.g., Roscoe v. Mullins*, No. 7:18CV00132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) (granting summary judgment in defendants' favor as to the due process claim where the only penalty imposed was a $15 penalty), *appeal docketed*, No. 19-7343 (4th Cir. Sept. 24, 2019). The Fourth Circuit has not yet spoken directly on this issue.

I note, however, that some courts have expressed doubt as to whether *Sandin*'s analysis — requiring that the imposed hardship be "atypical and significant" to create a constitutionally protected interest — applies in the context of property deprivations, given that *Sandin* addressed whether a particular deprivation implicated a liberty interest. *See Anderson v. Dillman*, 824 S.E.2d 481, 483–84 (Va. 2019) (noting the disagreement among federal courts on this issue and discussing the different rationales underlying the decisions); *Muhammad v. Virginia*, No. 7:14CV00529, 2016 WL 1068019, at *15 (Feb. 1, 2016), ("As to the charge of fighting with another person, the $12.00 fine against Muhammad implicates a property interest under the Due Process Clause, in spite of the Defendants' claim to the contrary."), *R. & R. adopted in part, rejected in part on other grounds*, No. 7:14CV00529, 2016 WL 1071039 (W.D. Va. Mar. 17, 2016). In light of this contested issue, unresolved by the defendants' arguments and citations, I must deny the defendants' Motion to Dismiss on the asserted ground that a disciplinary fine does not implicate any federally protected interest.

When an inmate's disciplinary conviction subjects him to deprivation of a constitutionally protected interest, he has certain, limited procedural rights:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). Encompassed with the qualified right to present evidence and witness testimony is the qualified right to individualized consideration of a request for access to that evidence, including surveillance camera footage. *See Lennear v. Wilson*, 937 F.3d 257, 269–71 (4th Cir. 2019). At a minimum, the inmate must show that the excluded evidence could have aided in his defense. *Id.* at 277.

Taking Morales Mancia's allegations in the light most favorable to him, I cannot find that he has failed to state any procedural due process claim actionable under § 1983. In finding Morales Mancia guilty of the charge, Counts relied on Nurse Mullins' testimony about what she saw Morales Mancia doing. Morales Mancia contended that he was only exercising. He attempted to bolster his version of events with the video footage and his inmate witness, who described why Nurse Mullins did not have a clear view into Morales Mancia's cell. Thus, Morales Mancia has alleged facts showing that the excluded evidence might have aided in his defense.

The documentation in the record states that Counts denied the inmate witness as not relevant, with no further explanation. It indicates that she denied the video, under blanket restrictions providing that it was written documentation and was restricted for unspecified security reasons. Thus, the record does not show what, if

any, individualized assessment of the relevance of Morales Mancia's requested evidence Counts made before excluding it.

### III.  CONCLUSION.

For the reasons stated, it is hereby **ORDERED** that the defendants' Motion to Dismiss, ECF No. 16, is DENIED, and the defendants are DIRECTED to file any Motion for Summary Judgment within 45 days from the entry of this Opinion and Order.

ENTER:  August 7, 2020

/s/  JAMES P. JONES
United States District Judge